NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 11-2525
_____

ANA ARENAS,
                              Appellant
                    v.

L'OREAL USA PRODUCTS, INC.


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-10-cv-00808)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2012

Before:  SLOVITER, VANASKIE, *Circuit Judges*, and
POLLAK,* *District Judge*

(Filed: February 14, 2012)
_____

OPINION
_____

---

* The Honorable Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

SLOVITER, *Circuit Judge*.

Ana Arenas was fired by her employer, L'Oreal USA Products, Inc. ("L'Oreal"), after nearly thirty years with the company. This appeal requires us to decide whether a jury could weigh the evidence and conclude that Arenas was fired on account of her age, in violation of the New Jersey Law Against Discrimination ("NJLAD").

I.

Because we are reviewing a grant of summary judgment and Arenas was the non-movant, we recite the facts in the light most favorable to her case.

Between October 1980 and March 2009, Arenas was employed by L'Oreal, a widely-known manufacturer of cosmetics, at its Piscataway, New Jersey production facility ("the Facility"). For the majority of those years, Arenas held the position of packaging operator. In that capacity Arenas performed quality checks on the units of production, ensuring that each unit met product specifications.

Quality-check errors result in negative performance points under the Facility's disciplinary policy ("the Policy"); accumulation of eighteen points in a twelve-month period is grounds for termination. L'Oreal retains discretion to evaluate an employee's work record "in reaching a final decision on termination." App. at 180.

In November 2008, L'Oreal announced that productivity had declined and that, in lieu of an involuntary reduction in force, a voluntary early retirement package ("VERP") would be offered to packaging operators over the age of fifty-five who had at least five

2

years of employment with L'Oreal.  Arenas, who met those qualifications, considered but ultimately declined the VERP offer.

Prior to the VERP offer, Arenas received only few negative performance points and was well regarded by her supervisors.  After the offer, however, she accumulated eighteen points based on an inspection error[1] and two separate labeling errors.[2]  That moved Arenas' point total for the preceding twelve months over the eighteen-point threshold, and her employment was terminated.

Arenas argues that her termination under the Policy was a subterfuge for ousting her from L'Oreal on account of her maturing age and her rejection of the VERP offer.  She filed a one-count action in New Jersey state court under the NJLAD, which encompasses, *inter alia*, age discrimination.  The matter was removed by L'Oreal to federal court under 28 U.S.C. § 1441.  After a period of discovery, the District Court granted L'Oreal's motion for summary judgment.  Arenas appeals.

## II.

The District Court exercised federal diversity jurisdiction under 28 U.S.C. § 1332.  We have appellate jurisdiction under 28 U.S.C. § 1291.

We review de novo the District Court's order granting summary judgment.  *Brown*

---

[1]  Even though Arenas reported the error to her supervisor before production, she was directed to "run the line[] with the incorrect spelling on the product."  App. at 193.

[2]  During this time, there was also a marked increase in both Arenas' workload and her required overtime hours.

3

*v. J. Kaz, Inc.*, 581 F.3d 175, 179 (3d Cir. 2009). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Donovan*, 661 F.3d 174, 184-85 (3d Cir. 2011) (citation omitted).

## III.

Where, as here, there is no direct evidence of discrimination, Arenas' claim under the NJLAD is evaluated using the familiar three-step, burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Jakimas v. Hoffmann-La Roche, Inc.*, 485 F.3d 770, 788 (3d Cir. 2007). Under *McDonnell Douglas*, an employee is first required to establish a *prima facie* case of discrimination. 411 U.S. at 802. Success at that step creates an inference of discrimination and shifts the burden of production to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment decision. *Id.* If the employer satisfies that relatively light burden, the burden of production returns to the employee, who is then required to show that the employer's proffered reason was actually a pretext for discrimination. *See id*. at 804-05.

## IV.

After determining that Arenas had established a *prima facie* case of age discrimination, the District Court concluded that L'Oreal had offered a legitimate, non-pretextual business reason for terminating Arenas: her accumulation of more than eighteen points under the Policy. Arenas contends that this matter should be remanded

4

because there is sufficient evidence of pretext to have the case decided by a jury. L'Oreal requests that we affirm, but it contends that we should do so primarily because the District Court's ruling at *McDonnell Douglas* step one "is contrary to the decision rendered by this Court in *Monaco*." Appellee's Br. at 18.

In *Monaco v. American General Assurance Co.*, 359 F.3d 296 (3d Cir. 2004), we considered the four elements of a *prima facie* showing of discrimination under the NJLAD, noting that in *Bergen Commercial Bank v. Sisler*, 723 A.2d 944 (N.J. 1999), the Supreme Court of New Jersey had "refined the fourth element . . . in age discrimination situations," mandating that there be "a sufficient age differential between the terminated and replacement employees." *Monaco*, 359 F.3d at 302. Applying the *Sisler* refinement to Monaco's case, which involved a reduction in force and not a termination-and-replacement scenario, we concluded that a plaintiff establishes a *prima facie* case of age discrimination under the NJLAD by showing that his former employer retained a sufficiently younger, similarly-situated employee rather than by simply replacing the older worker with a younger employee. In arguing that *Monaco* applies only to reduction-in-force cases, Arenas overlooks an indispensable component of its holding—that the *Sisler* refinement applies in all age discrimination cases under the NJLAD.

We followed the *Sisler* refinement in *Monaco* notwithstanding differences between those two cases (*Sisler* involved a termination-and-replacement scenario with a charge of reverse age discrimination, whereas *Monaco* involved a reduction-in-force scenario with

a charge of traditional age discrimination). That Arenas' case is a hybrid of the two does not dictate that we ignore the rules laid out in *Monaco*. *See E.I. Dupont De Nemours & Co. v. United States*, 460 F.3d 515, 530 (3d Cir. 2006), *vacated on other grounds*, 551 U.S. 1129 (2007) ("when the rule in a prior case by its terms controls the outcome of a current case, we will not reach out to distinguish the prior case on the basis of factual differences that were not 'material' to the earlier holding"). But we need not labor the point, as we will affirm the District Court for substantially the reasons given in its opinion.

The District Court in its careful analysis found that the "record fails to cast any doubt on L'Oreal's legitimate non-discriminatory reason for terminating Ms. Arenas in accordance with the Discipline Policy. While the VERP was intended to reduce the overall workforce at the Facility, there is no evidence that it was intended to rid the Facility of its older workforce." App. at 17. It also found that "the instances where other employees at the Facility were not terminated despite having accumulated eighteen or more points fail to cast doubt on L'Oreal's legitimate, non-discriminatory reason." App. at 17. The District Court concluded that "there is no basis on which to doubt that Ms. Arenas was issued quality error points in accordance with the Discipline Policy and the standard practices of supervisors at the Facility." App. at 19. We agree with that conclusion.

## V.

For the foregoing reasons, we will affirm the District Court's summary judgment.